PATRICK HOGAN, Respondent, *v.* PHILIP WYMAN, W. H. TIDD, and GEORGE P. WREN, Appellants.

*Appeal from Multnomah County.*

1. A witness to a will is not disqualified thereby from taking, under the will, a trust estate, in which he has no beneficial interest.
2. Where the legal estate is vested in the executors merely for the purpose of sale and conveyance, it is not absolutely necessary that they should qualify fully, or should report their proceedings to the Probate Court.

ON the 23d of August, 1866, Patrick Hogan, the respondent, being in possession of lot six, in block twenty-four, in the city of Portland, filed his complaint against the appellants to quiet his title to said lot, as against the appellants.

In 1850, Daniel H. Lownsdale, then the owner of this lot, conveyed it to said G. P. Wren; and Hogan alleges, in support of his title, that Wren sold the same to Tidd & Anderson, and delivered to them possession of the premises, but failed to execute to them a deed. The consideration of the sale by Wren was work performed for him by Tidd & Anderson. That Anderson sold his interest to Tidd; Tidd to B. F. Starr; Starr to McNulty, and McNulty devised the said premises to McCormick & O'Neill, as trustees for the use of the Roman Catholic church, with full power to said trustees to sell the same for the use and benefit of that church. The said trustees took possession, under said will, and sold the said lot to the plaintiff, who took possession. It is alleged that the possession has accompanied this chain of title all the time since the sale by parol, from Wren to Tidd & Anderson.

In October, 1865, Wren and wife conveyed said lot to defendant, Wyman, for the consideration of two hundred dollars, which conveyance plaintiff claims was fraudulent

and void as against him, and that Wyman, at the time of this conveyance to him had notice of his, Hogan's, equities in the premises.

Decree below for respondent.

*W. W. Chapman, Esq.*, for respondent, claims that :

1st. Payment of purchase money and delivery of possession entitles the party to conveyance.

2d. All the right of Mrs. McNulty passed to the devisees by the will, and they could sell without farther orders or conditions.

*Hill & Mulky*, for appellants :

Allowing that the possession of Hogan's tenant alone was notice to Wyman, it was only notice of the deed from McCormick & O'Neill, and that, when examined, failed to show title in the grantee. ( *Wyncoop* v. *Cowing et al.*, 21 *Ill.*, 570 ; *Bates* v. *Norcross*, 14 *Pick.*, 224 ; 3 *U. S. Dig.*, 66.)

As to executor's sale, *statute of* 1855, *page* 345, *sections* 6, 7, 8 ; *page* 350, *section* 1 ; *page* 362, *sections* 20–3–4–5–6 ; 13 *Wend.*, 466 ; 15 *Wend.*, 450 ; 3 *Barb.*, 341. As to devisees who are witnesses to the will, *statute of* 1855, *page* 388, *sections* 38–9 and 42 ; 3 *Barb.*, 410 ; 4 *Johns.*, 311 ; 1 *Johnson's Cases*, 163 ; 2 *Id.*, 314.

BOISE, J. The case presents a question of fact which must be determined from the evidence ; and this court finds that the equities of the respondent, as above stated, are fully supported by the evidence ; and that Wyman, at the time of his purchase from Wren, had notice of these equities belonging to the plaintiff.

As to the execution of the will of Mrs. McNulty, it is claimed :

1st. That McCormick, being a witness to the will, could not take a trust estate under it ; that witnesses to wills are disqualified by the *Statute, page* 388.

As McCormick had no beneficial interest in the bequest, but was merely a conduit to pass the property to the church, we think he had no such interest as would disqualify him.

2d. That the executors did not qualify by giving bonds, &c.

This we think was unnecessary; as the property vested in them by the will, they had the legal estate and could convey it, to fulfill the trust imposed on them.

It was unnecessary for them to make a report of their sale to the Probate Court.

This was a trust estate, and it is the peculiar duty of a court of chancery to see that the trust is properly executed by the trustees; and the court will not allow a trust to fail for the want of trustees to execute it. Suppose this had been left to endow a college, the property might have remained in the hands of the trustees and their successors for many years, and then been sold for the benefit of the institution as its exigencies should demand, and these proceedings would have been without the jurisdiction of the Probate Court.

The decree is affirmed.